### AMERICAN CASUALTY & LIFE CO. v. MALONE.
#### No. 6004.

Court of Civil Appeals of Texas. Texarkana.
Dec. 10, 1942.

Rehearing Denied Dec. 22, 1942.

Francis M. Chaney, of Dallas, and J. M. Braswell, of Paris, for appellant.

M. D. Emerson, of Paris, for appellee.

HALL, Justice.

This action was instituted in Justice Court of Lamar County by appellee, Mrs. Malone, against appellant upon a life insurance policy for the sum of $150 together with penalty and attorney's fees. Judgment by default was entered against appellant on November 10, 1941, appearance day, for the sum of $198 and costs of suit. At the time judgment was entered, an answer was on file with the Justice of the Peace, together with a letter from appellant's attorney, inclosing self-addressed, stamped envelope for reply, requesting that notice be given appellant's attorney of the date of the setting of the cause for trial. On December 10, 1941, appellant filed its petition for writ of certiorari in the County Court of Lamar County, which was granted by the county judge of said county and all proceedings were removed to the county court. On December 16, 1941, appellant filed its bond in the sum of $250, conditioned as required by law. On January 6, 1942, appellee filed a motion to dismiss the certiorari proceedings, and on January 22, 1942, the County Judge of Lamar County entered an order dismissing same. This appeal is from said order of dismissal.

■ Appellant's first assignment of error is directed to the action of the Justice Court in rendering judgment against it on appearance day when at the time of the rendition of said judgment it had an answer on file denying liability, and also a letter inclosing self-addressed, stamped envelope for reply in the hands of the Justice of the Peace requesting notification when said case was set for trial. Under this assignment it is the contention of appellant that Rule No. 523 governing procedure in Justices' Courts, and Rule No. 246 governing the procedure in District and County Courts forbids such action. And appellant contends by its second assignment of error that the county court committed error in dismissing its certiorari proceedings, for the reason that in its application for certiorari it showed a good defense to said cause of action. In our opinion, both assignments present error. Rule No. 523 of our Rules for Civil Procedure provides: "All rules governing the district and county courts shall also govern the justices courts insofar as they can be applied, except where otherwise specifically provided by law or these rules." Rule No. 246 of our procedure provides: "The clerk shall keep a record in his office of all cases set for trial, and it shall be his duty to inform any non-resident attorney of the date of setting of any case upon request by mail from such attorney, accompanied by a return envelope properly addressed and stamped. Failure of the clerk to furnish such information on proper request shall be sufficient ground for continuance or for a new trial when it appears to the court that such failure has prevented the attorney from preparing or presenting his claim or defense." The appellant is a nonresident corporation and its attorney is also a nonresident, residing in Dallas County, Texas. Under these rules it became the duty of the Justice of the Peace to notify appellant's attorney of the date such cause was set for trial, and his failure to do so works such an injury to the rights of appellant as will necessitate our reversing and remanding this cause to the County Court of Lamar County for trial.

■ Moreover, the application for writ of certiorari filed by appellant in the county court not only sets out the noncompliance by the Justice Court with above rules of our Civil Procedure, but also attaches to its application a copy of its original answer filed in the Justice Court on November 6, 1941, denying liability under said policy in no uncertain terms. Rule No. 578 of our Rules of Civil Procedure with respect to application for certiorari provides: "To constitute a sufficient cause, the facts

288

stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect." This rule is an exact copy of R. C. S. Article 945, which it replaces. Certainly it cannot be said under the record in this case that appellant was guilty of "inexcusable neglect" in presenting his defense in the Justice Court. Therefore, in our opinion, the county court erred in dismissing appellant's certiorari proceedings.

The judgment of the County Court is reversed and the cause remanded to that Court for a trial de novo.