Israel **VELA** et al., Appellants,

v.

Alexander A. **SHARP** et al., Appellees.

No. 14401.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 6, 1965.

Rehearing Denied Nov. 3, 1965.

Luther E. Jones, Jr., Corpus Christi, Frank R. Nye, Jr., Emilio Gutierrez, Rio Grande City, for appellants.

Rankin, Kern & Martinez, McAllen, for appellees.

MURRAY, Chief Justice.

This is an appeal by Israel Vela and Horacio Lopez, two of the defendants below, from part of a default judgment of the 79th District Court of Starr County, Texas, rendered on October 13, 1964, wherein Alexander A. Sharp and Frances A. Sharp recovered title and possession of the land described in the judgment as "Tract One," and from the order overruling their amended motion for new trial.

Appellants contend that although they were represented by Luther Jones, Esq., an attorney of Corpus Christi, Nueces County, Texas, a non-resident of Starr County, and although their attorney had complied with the provisions of Rule 246, Texas Rules of Civil Procedure, neither they nor their attorney was notified, and they had no knowledge of the setting of the case on October 13, 1964, and were thus precluded from being present to present their meritorious defense to appellees' cause of action.

Rule 246, T.R.C.P., provides as follows:

"The clerk shall keep a record in his office of all cases set for trial, and it shall be his duty to inform any non-resident attorney of the date of setting of any case upon request by mail from such attorney, accompanied by a return envelope properly addressed and stamped. Failure of the clerk to furnish such information on proper request shall be sufficient ground for continuance or for a new trial when it appears to the court that such failure has prevented the attorney from preparing or presenting his claim or defense."

Appellants' attorney substantially complied with this rule. He wrote one letter, giving the style and number of three cases pending in the District Court of Starr County, and asked the district clerk to notify him of any setting of these three cases. He enclosed three self-addressed and properly stamped envelopes. Upon receipt thereof, the clerk put the letter, together with the three self-addressed and stamped envelopes, in the file of one of the three cases other than the present case, and thereafter neglected to notify anyone of the setting of this case. The rule does not require the non-resident attorney to write a separate letter in each case, nor does it require him to enclose copies of his letter so that one may be put in the file of each case listed in the letter.

Here the non-resident attorney, having complied with the provisions of Rule 246, was entitled to be notified of the setting of this case, and not having been notified, and neither he nor his clients having had any actual knowledge of the setting of this case, they had good cause as a matter of law for not being present at the trial. Rule 246, supra. American Casualty & Life Co. v. Malone, Tex.Civ.App., 168 S.W.2d 286.

Appellants stated in their motion for new trial that they have a meritorious defense to the suit, and set it out in detail. It will be borne in mind that this matter was heard on an amended motion for a new trial, timely filed in the trial court, and is not an equitable bill of review filed after

a judgment had become final in the trial court. The rule with reference to the opposing parties' right to contradict the averments in the motion for a new trial, relating to a meritorious defense by evidence produced at the hearing on the motion, is well stated in Cragin v. Henderson County Oil Development Co., Tex.Com.App., 280 S.W. 554, reading as follows:

> "We think the true rule in such cases is this: An applicant for a new trial who has shown himself free from negligence in the matter of default against him is required to set forth a meritorious defense, one which if established upon another trial will produce a different result. But when he has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion."

Maeding v. Maeding, Tex.Civ.App., 155 S.W.2d 991, McDonald, Texas Civil Practice, Vol. 4, p. 1449, § 18.10; 37 Tex.Law Rev. 208.

■ Appellants here have shown that they and their counsel are free from negligence, and have averred facts which if substantiated on a new trial will constitute a meritorious defense to the appellees' cause of action. They were entitled to have the default judgment against them set aside and a new trial granted. Appellees did not establish a record title at the trial, or one by limitation, and the judgment was based solely upon prior possession. Appellants' amended and verified motion for a new trial stated facts showing that they and not appellees had prior possession of "Tract One" described in the pleadings. Appellants are only seeking to set aside that part of the judgment which affects "Tract One."

The trial court erred in not granting appellants' motion for a new trial. Accordingly, the judgment overruling appellants' motion for a new trial is reversed and judgment here rendered setting aside the default judgment herein, insofar as it relates to "Tract One" and a new trial is ordered as to this tract.

Reversed and remanded.