**R. W. DePUY, Appellant,**

v.

**CENTRAL INSURANCE AGENCY,**
Appellee.

No. 603.

Court of Civil Appeals of Texas,
Corpus Christi.

March 31, 1971.

James R. Clopton, McAllen, for appellant.

Joe A. Cisneros, McAllen, for appellee.

OPINION

NYE, Chief Justice.

This is an appeal from a default judgment granted to Central Insurance Agency against R. W. DePuy. The defendant's motion for new trial was overruled by the trial court. His appeal has been perfected to this Court.

Central Insurance Agency, the plaintiff, filed suit in the nature of a sworn account. They seek judgment in the amount of $1,-572.00 for premiums due for insurance that was purchased by defendant, but not paid for. Attached to the petition were true copies of invoices and a credit memo representing the returned premium on cancellation of the policy of insurance.

The defendant was duly served with citation. He mailed the petition with the citation to his attorney requesting that the attorney file an answer. Thereafter, a sworn denial was prepared and forwarded by defendant's attorney to the defendant for signature and acknowledgment. It was returned to the attorney on the Friday prior to the answer day. The attorney stated in his affidavit attached to his motion for new trial, that in counting the twenty days from the day of service he had eliminated Sundays because he thought they were legal holidays. He thought that they did not need to be counted as part of the twenty days after service of citation in figuring the day the answer was to be filed. Therefore, as defendant's attorney interpreted the answer date, it was one week later than the date that the answer was due.

The attorney for the defendant officed across the hall from the attorney representing the plaintiff. When plaintiff's attorney was getting ready to file this suit, he requested the defendant's attorney to notarize the acknowledgment on the sworn account. The defendant's attorney told him that he

represented this defendant and could not therefore take the acknowledgement. After the suit was filed and the defendant's attorney had been employed, he informed the plaintiff's attorney of this fact and told him that he would file an answer. On Monday, the day the plaintiff's attorney took the default judgment, the attorneys visited with each other. The plaintiff's attorney did not mention the fact that he was going to take a default judgment later that morning, although he knew that the defendant's attorney was going to be out of town. The defendant's attorney learned of the default judgment later that day. He thereupon filed his motion for new trial alleging these facts. The defendant's two points of error complain that the trial court erred in overruling his motion for new trial.

The Supreme Court of Texas has from its very early existence recognized the necessity for a rule to guide the trial judges in such cases. It was said that in order to prevent an injustice to the defendant, and at the same time without working an injustice on the plaintiff, a just rule with the sanction of equity was necessary for a guide. The high court said:

"* * * A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. * * *" Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Com.App.1939).

Following this rule as set out in the Craddock case, we must say that the record shows that the defendant's motion for new trial was filed at a time when the granting of it would not have occasioned a delay, nor would have otherwise worked an injury

to the plaintiff. We cannot say that the defendant's counsel's failure to appear for trial was intentional or the result of conscious indifference. Although the defendant's attorney based his failure to file the answer on a mistake of law, it is not necessary for us to pass on this aspect of compliance with the Craddock rule. The judgment of the trial court must be affirmed for another reason.

Chief Justice Calvert analyzed the Craddock rule in Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966). Speaking for the entire Court, he said:

"We note again the specific language of Craddock that a new trial should be granted to a defaulting defendant if his motion 'sets up a meritorious defense.' This does not mean that the motion should be granted if it merely alleges that the defendant 'has a meritorious defense.' *The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff,* and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. * * *" (Emphasis supplied)

The plaintiff had issued a farmer's and rancher's comprehensive liability policy, including employer's liability. The defendant had paid a portion of the premium of this policy. The annual premiums were based in part upon the defendant's payrolls. The policy term was from October 25, 1967 until October 25, 1970. The policy was cancelled effective December 4, 1969 because of nonpayment of the premiums. A return premium of $413.00 was credited to defendant's account. The balance due was the basis of plaintiff's claim. In defendant's motion for new trial he "set up" the following as his meritorious defense:

"Defendant further alleges that he has a meritorious defense to Plaintiff's cause of action in this: That he has various claims against him by his prior employees, among which are, Jose Flores, in the

amount of $476.00 and Jose Vela in the amount of $114.00, for damages because of bodily injury to them while employed and working for the Defendant R. W. DePuy and arising while the policy sued upon was in full force and effect. *Said claims against the Defendant were presented to the Plaintiff but never honored and in these claims the Defendant has a valid defense by way of a credit or offset.* A copy of the Affidavits of Jose Flores and Jose Vela and the copy of the checks showing medical payments made by Robert (Bob) DePuy Sr. and Jr. are attached as well as Affidavits of Marciel Cantu and Ramiro Villegas. Also attached are the affidavits of Bob DePuy and James R. Clopton, attorney. Also attached is a copy of that contract for the property and automobile policy which has been sued on in this case." (Emphasis supplied)

Defendant's motion for new trial does not allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff for the premiums due. The defendant admits that the policy of insurance was in full force and effect when the claims were alleged to be due and payable. The claims as alleged would, if at all, be against the issuing insurance company and not the insurance agent (plaintiff). There is nothing stated in the motion that would indicate that defendant's claim, if any, arose out of the same transaction made the basis of plaintiff's suit on the sworn account.

The motion for new trial, when tested by the Craddock rule, does not "Set up a meritorious defense," in that it does not contain allegations of facts which, in law, would constitute such a defense to the plaintiff's cause of action. We hold that the defendant failed to discharge his burden. The trial court therefore did not abuse its discretion in overruling the motion for new trial.

The judgment of the trial court is affirmed.