E. E. WALLACE, Appellant,

v.

SNYDER NATIONAL BANK, Appellee.

No. 4807.

Court of Civil Appeals of Texas, Eastland.

July 18, 1975.

Rehearing Denied Oct. 3, 1975.

Max C. Addison, Crenshaw, Dupree & Milam, Lubbock, for appellant.

W. James Rosser, Rosser, Carroll & Greene, Snyder, for appellee.

RALEIGH BROWN, Justice.

The opinion and judgment dated July 18, 1975 is withdrawn and the following substituted therefor.

Snyder National Bank, suing on a promissory note dated June 10, 1971, was granted a default judgment for $32,155.87 with interest and $3500 attorneys' fees against E. E. Wallace. Wallace's motion for new trial was overruled. He appeals.

The default judgment was entered on February 3. Wallace's answer was received by the clerk on February 4.

His motion for new trial alleged the bank, which held á lien on some of his oil properties as security for a note dated May 29, 1971, agreed to execute a release upon the payment of $43,058.34. He contends:

"Contrary to the agreement of the plaintiff, it refused to release the lien on such property for the sum of $43,058.34, but without just cause required defendant to pay the note which is the basis of this suit and an additional sum of approximately $19,000.00 for a release of said lien. That the defendant received the sum of approximately $19,000.00 less in connection with the sale of said property than he would have received had plaintiff carried out plaintiff's agreement, which said sum of approximately $19,000.00 should be credited toward the payment of the note which is the basis of this suit."

Although in an amended answer Wallace alleges payment or partial payment of the June 10, 1971 note. The amended answer is not a part of Wallace's motion for new trial by reference or otherwise. In his motion for new trial Wallace fails to set up the defense. He merely sought credit for $19,000 on that note.

The trial court's order overruling the motion for new trial provided:

"1. Defendant's failure to answer was due to accident or mistake, and was not intentional or the result of conscious indifference.

2. The granting of a new trial would not cause any appreciable delay or work any substantial hardship or injury to Plaintiff, Snyder National Bank.

3. Defendant, E. E. Wallace, has not set up any meritorious defense to the suit herein, but has only set up a permissive counterclaim, as provided under Rule 97b of the Texas Rules of Civil Procedure.

4. Defendant will not be harmed by a denial of his motion because he has the right to make the subject matter of his counterclaim attempted to be set up herein the basis of another cause of action in this or another Court."

In *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966), the court said:

"The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

See also *City of San Antonio v. Garcia*, 243 S.W.2d 252 (Tex.Civ.App., San Anto-

nio 1951, writ ref'd). That the rule is applicable to default judgments entered on failure of the defendant or his counsel to appear for trial, see *City of Fort Worth v. Gause*, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); *Box v. Associates Investment Co.*, 352 S.W.2d 315, 317 (Tex. Civ.App., Dallas 1961, no writ)."

The issue is whether the trial court was correct in finding that Wallace failed to allege a meritorious defense. Meritorious defense has been defined as one which if established upon another trial will produce a different result. *Cragin v. Henderson County Oil Development Co.*, 280 S.W. 554 (Tex.Com.App.1926); *Vela v. Sharp*, 395 S.W.2d 66 (Tex.Civ.App., San Antonio 1965, no writ); *Smith v. Hillsboro State Bank*, 253 S.W.2d 897 (Tex.Civ.App., Galveston 1952, no writ). Also in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950) the court stated a meritorious defense is one that is asserted as a defense to the cause of action alleged to support the judgment.

■ Snyder National Bank sought recovery of the unpaid balance on a promissory note dated June 10, 1971. The pleadings of Wallace seek a credit or an off-set on the amount of the judgment sought by the bank. Such a pleading by a defendant is proper under Rule 97(b), T.R.C.P., but must be distinguished from a defensive plea of a defendant. To be entitled to a new trial, a defendant must allege facts which in law would constitute a meritorious defense to the cause of action asserted by plaintiff, and must be supported by affidavit or other evidence proving prima facie that defendant has such defense. *Ivy v. Carrell*, supra; *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Com.App.1939); *Leibowitz v. San Juan State Bank*, 409 S.W.2d 586 (Tex.Civ.App., Corpus Christi 1966, no writ).

Wallace has failed to assert a defense in his motion for new trial challenging the cause of action as alleged by the bank. His allegations, if taken as true, would not de-

feat the claim of the bank on the June 10, 1971 note. We hold the pleading of a permissive counterclaim fails to meet the test of a meritorious defense.

Further, as stated by our Supreme Court in *Ward v. Nava*, 488 S.W.2d 736 (Tex. 1972):

"In *Ivy v. Carrell*, supra, this Court said:

" 'The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.' "

See also *Bredeson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 513 S.W.2d 110 (Tex. Civ.App., Dallas 1974, no writ) and *Griffin v. Duty*, 286 S.W.2d 229 (Tex.Civ.App., Galveston 1956, no writ). *Combs v. Combs*, 435 S.W.2d 166 (Tex.Civ.App., Houston (1st Dist.) 1968, no writ hist.) and *DePuy v. Central Insurance Agency*, 465 S.W.2d 802 (Tex.Civ.App., Corpus Christi 1971, no writ hist.).

■ Wallace argues he is entitled to a reversal because no record of evidence was made by the official court reporter. We agree with the contention only as to the amount of attorney's fees. The remainder of the award was "liquidated and proved by an instrument in writing". In such case, Rule 241, T.R.C.P. states:

"Where a judgment by default is rendered against the defendant, . . . the damages shall be assessed by the court, or under its direction, and judgment final shall be rendered therefor, . . . "

The note sued upon by the bank provides for reasonable attorney's fees in the event of nonpayment on its due date.

The court in *Smith v. Texas Discount Company*, 408 S.W.2d 804 (Tex.Civ.App., Austin 1966, no writ), stated:

"The reasonableness of attorney's fees, in the absence of a contract therefor, is a

question of fact and is an unliquidated demand as to which the Court should have heard evidence. Rule 243, T.R.C.P."

See also *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966).

There being no record as to the reasonableness of the attorney's fees, we are unable to adequately review the award; therefore, a reversal and remand for a new trial as to the issue of attorney's fees is required. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ. App., Dallas, 1975).

As stated in *Great American Reserve Insurance Co. v. Britton*, supra:

"The claim for attorney fees is a severable claim, and under Rule 503, Texas Rules of Civil Procedure, we are authorized to sever the claim and reverse the judgment as to it only."

The bank is entitled to recover attorney's fees in some amount. All other matters are correctly fixed in the present judgment. We, therefore, sever the matter of attorney's fees and remand for a new trial. Rule 434, T.R.C.P. The remainder of the judgment is affirmed.