Edward GOLDSMITH et ux., Appellants,

v.

Vernon R. BAKER et ux., Appellees.

No. 12706.

Court of Civil Appeals of Texas, Austin.

June 7, 1978.

Rehearing Denied June 28, 1978.

Terrence Kendall, Kendall, Randle, Finch & Osborn, Austin, for appellants.

R. Douglas Muir, Eskew, Brady, Womack & Muir, Austin, for appellees.

O'QUINN, Justice.

Appellants, Edward Goldsmith and wife, Juliette Goldsmith, filed their petition for bill of review in district court seeking to set aside a default judgment taken against them in 1974, in a suit brought by Vernon R. Baker and wife, Audane Baker, appellees in this appeal, for damages growing out of sale to appellees of a giftshop franchise.

After hearing on the petition before the court without aid of a jury, the court entered judgment that the Goldsmiths take nothing upon the conclusion as a matter of law that "The Goldsmiths failed to prove *by a preponderance of the evidence* that they had a meritorious defense to the cause of action of the Bakers alleged to support the judgment in the prior suit." (Emphasis added)

The Goldsmiths on appeal bring two points of error. We will sustain the points of error and reverse the judgment of the trial court.

In the original cause the Bakers sued the Goldsmiths, their son Warren Goldsmith, and Mark S. Barrow, claiming that the four defendants entered into a conspiracy to sell the Bakers a giftshop franchise, using as inducement to purchase fraudulent misrepresentations, and that in reliance the Bakers paid $10,000 for the franchise, incurred other expenses and losses, quit their jobs in another city and moved to Austin to establish the shop.

In their petition for bill of review the Goldsmiths alleged that after being served with citation in the original suit, they wrote and mailed an answer addressed to the judge of the district court in which the suit was pending and subsequently received a certified mail receipt from the Travis County courthouse prior to appearance day. Thereafter default judgment was entered against the Goldsmiths. The Goldsmiths alleged they received notice of the judgment more than thirty days after its entry, subsequent to which they filed their petition for bill of review.

To meet the requirement of showing a meritorious defense, appellants alleged that they had agreed with the Bakers only to take over a lease on the property located in Austin; that they made no misrepresentations; and that any representations made to the Bakers by appellants were true. The Goldsmiths further alleged that they did not receive from the Bakers a fee in exchange for a franchise, and that if the Bakers paid a franchise fee, payment was made either to the other defendants or to a corporation controlled by the other defendants, but that the Goldsmiths had no knowledge of any such payment. Appellants further asserted that the reason the Bakers were unsuccessful in their attempt to open the planned store lay in the fact that the Bakers were lacking in financial strength.

After hearing before the court, the trial court found as a matter of fact that the answer appellants sent to the court was delivered to the mail room of the Travis County courthouse, where it was properly received and forwarded to the office of the judge of the court in which suit was pending, after which it disappeared through no fault of the Goldsmiths. The trial court

also concluded that the answer as a matter of law constituted answer to the suit; and found as a matter of fact that the Goldsmiths had no notice of the default judgment until more than thirty days after its entry.

The trial court entered judgment, nevertheless, that appellants take nothing by their suit because the court concluded as a matter of law that " . . . the Goldsmiths failed to prove *by a preponderance of the evidence* that they had a meritorious defense to the cause of action of the Bakers alleged to support the judgment in the prior suit." (Emphasis added)

The Goldsmiths have appealed and bring two points of error. *First,* appellants assert the court erred in entering a "take nothing" judgment against the Goldsmiths because the Goldsmiths did not have the burden of showing by a preponderance of evidence that they had a meritorious defense to the cause of action asserted by the Bakers. *Second,* appellants urge that the adverse finding is against the great weight and preponderance of the evidence.

█ In reaching a decision in this appeal, the Court's determination must rest upon examination of the record on the basis of viewing the effort by the Goldsmiths to reinstate themselves in court through a petition for bill of review, not by a suit against the Bakers. To succeed in a proceeding for bill of review to set aside the prior final judgment, the petitioner " . . . must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

It is well established, by decisions prior to and after the decision in *Hagedorn,* that proof of the elements there enumerated involves trial of two issues. *First,* the complaining party proves that he was prevented from presenting a meritorious defense to the original cause of action by fraud, acci-

dent, or by wrongful act of the opposite party, and petitioner was not himself negligent, thereby entitling petitioner to a retrial of the cause of action on the merits. *Second,* the cause of action is retried on the merits.

In 1961 the Supreme Court held, in an opinion by Chief Justice Calvert, that: "In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit. Our decisions require that the *two issues* be tried together so that the court may render a new final judgment." (Emphasis added) *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

The trial court in the case now on appeal held that the Goldsmiths "failed to prove by a *preponderance of evidence* that they had a meritorious defense . . . " (Emphasis added) It is apparent that the trial court held that the Goldsmiths failed on the *second issue* described by the Supreme Court and held, further, that the Goldsmiths had the burden of persuasion on that issue.

The rule is settled that when a person has been deprived of his rights through no fault of his own, and a court of equity in due exercise of its discretionary powers grants relief, the grant is one of " . . . *relief by retrying the case upon its merits,* and the former judgment may be set aside and such relief will be granted as is appropriate and *warranted by pleading and proof on the entire case."* (Emphasis added) *Texas Employers' Ins. Ass'n v. Arnold,* 126 Tex. 466, 88 S.W.2d 473, 474 (1935), citing with approval and quoting from *Humphrey v. Harrell,* 29 S.W.2d 963, 964 (Tex.Comm'n App.1930, jdgmt adopted).

McDonald states the rule in this language: "The controversy turns upon two issues: (I) Was the judgment complained of rendered as a result of fraud, accident, or mistake, without the negligence of the complainant either in the course of the former action or after judgment? (II) Was the

judgment incorrect? The burden is *upon the complainant* to establish the affirmative of the elements of the *first issue*. If he does so, the *burden of proof upon the second issue rests upon the party who would have had such burden had no judgment been entered.*" (Emphasis added) 4 McDonald, *Texas Civil Practice*, sec. 18.29.

■ The trial court found that the Goldsmiths had met and discharged their burden under the first issue. Thereafter the burden of proof rested upon the Bakers who had the burden prior to entry of the default judgment.

It is obvious that the Supreme Court in *McEwen v. Harrison, supra,* expressly adopted the view found in McDonald, for there the Court declared, "If . . . a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, he may *still have the suit tried on its merits with the right to require the plaintiff to prove his case* and the corresponding right to establish his defense." (Emphasis added) 345 S.W.2d 706, 710.

The language of the Supreme Court in *McEwen* clearly reiterates the rule as stated by that Court a century earlier. In *Witt v. Kaufman,* 25 Tex.Supp. 384, 387 (1860), Chief Justice Wheeler, speaking for the Court, after finding the defendant had established entitlement to have the judgment declared void, ordered, in the same proceeding, a retrial of the cause of action for the "purpose of doing full and complete justice between the parties . . ." and directed " . . . judgment for the plaintiff upon the cause of action on which the judgment . . . was rendered, *if, upon the merits, the plaintiff was entitled to judgment.*" (Emphasis added)

■ Once a meritorious defense has been shown, that is, a showing by probative evidence that the result probably would have been different, " . . . the parties are then relegated to their original status of

plaintiff and defendant, *with the burden of proof resting upon the plaintiff to make his case . . .*" (Emphasis added) *Crosby v. Di Palma,* 141 S.W. 321, 325 (Tex.Civ. App. El Paso 1911, writ ref'd).

The judgment of the trial court is reversed. The cause is remanded to the trial court with instructions that the suit be tried on the merits with the burden of proof on plaintiffs below to make their case, in conformity with this opinion.

Reversed and Remanded with Instructions.

SHANNON, Justice, concurring.

I concur in the opinion of Justice O'QUINN that the judgment of the district court be reversed.

A movant in a bill of review proceeding seeks to invoke the equitable powers of the Court to set aside a previous judgment and enter a new judgment. *Dosamantes v. Dosamantes,* 500 S.W.2d 233, 238 (Tex.Civ. App.1973, writ dism'd). He must first demonstrate that he has a meritorious defense to the original suit before a court of equity will set aside the default judgment. *Overton v. Blum,* 50 Tex. 417, 425 (1878). If the movant has no meritorious defense to the suit on the merits, setting aside the judgment would be a vain act and a trespass on the court's time not countenanced by equity. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

The movant is required to do more than specifically plead a meritorious defense. He has the burden to produce some evidence of the meritorious defense to the original cause of action. *Overton v. Blum, supra; Humphrey v. Harrell,* 29 S.W.2d 963 (Tex.Comm'n App.1930, judgment adopted); *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974); *Hollis v. Seibold,* 23 S.W.2d 811 (Tex.Civ.App.1929, writ dism'd); *Crosby v. Di Palma,* 141 S.W. 321, 325 (Tex.Civ.App.1911, writ ref'd). If he fails to produce some evidence of a meritorious defense, the court should deny the bill of review.

The movant has the additional burdens of production and persuasion of the other requirements of the bill of review. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950). If the movant satisfies the initial burden to produce evidence, then the parties are relegated to their original posture " . . . with the burden of proof resting upon the plaintiff to make his case, leaving the defendant the right . . . to rely merely upon the weakness of his adversary's case." *Crosby v. Di Palma, supra.*

If a jury case, the court submits special issues inquiring whether the default judgment came about through the fraud, accident, or wrongful act of another unmixed with any negligence of movant. The special issues submitting the merits of the original case are conditioned upon favorable answers to the special issues submitting the elements of the bill of review. Of course, if the movant asserted affirmative defenses, he has the usual burdens of production of evidence and persuasion on those issues.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent.

During this bill of review proceeding, the case was fully tried and the record fully developed. This is conceded by appellants. It is quite apparent from the court's judgment and from a review of the testimony, that the court was of the opinion that appellants had not proved a meritorious defense. In my judgment, the record supports the finding.

I note at the outset that the equitable bill of review is a new proceeding brought by the loser in the original proceeding to vacate the original judgment. The bill of review proceeding is neither a continuation of the original action nor is it a motion for new trial. The plaintiff in a bill of review proceeding must allege and prove the elements of his cause of action. Moreover, once a default judgment has become final, the judgment becomes a vested right. A court of equity will not vacate the judgment for the purpose of giving the defeated party a second opportunity to be heard on the merits of the case. Finality must be accorded judgments; therefore, the grounds upon which equitable relief may be granted are narrowly construed.

In *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950), the Supreme Court stated the general rules for the granting of a bill of review. These are that before a litigant can successfully set aside a final judgment, he must *allege* and *prove* : (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own.

The court held that not only must a meritorious defense be pleaded but that the moving party must go further and *prove* such a defense. Thus the plaintiff in a bill of review must meet and satisfy a two-pronged test. See also *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710 (1961).

The initial inquiry is whether the pleadings state a meritorious defense worthy of submission to the trier of facts. *Wallace v. Snyder National Bank,* 527 S.W.2d 485 (Tex.Civ.App.1975, writ ref'd n. r. e.). Thus, if the motion to vacate the judgment discloses a meritorious defense, the *Hagedorn* test then requires that the movant *prove* a meritorious defense. Thus we come to the *quantum* of proof imposed at law in order to set aside the judgment by bill of review.

At this point I note that there is a well-settled distinction between the pleadings and proof necessary to grant a new trial on a motion therefor after a default judgment and a motion to set aside a judgment by way of bill of review. See *Smith v. Ferrell,* 44 S.W.2d 962 (Tex.1932). To prevail in the former, it is necessary only that the movant allege facts which would constitute a meritorious defense to the other party's cause of action and that it be supported by evidence proving *prima facie* that movant has such a defense. See *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939);

*Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Wallace v. Snyder National Bank, supra.* In *Ivy,* the Court said:

> "The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it '*sets up* a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. In the latter situation, except in unusual circumstances as reflected in *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.Sup. 1964), the issues of negligence or fault on the part of the defendant, fraud, accident or wrongful act on the part of the plaintiff, and meritorious defense are tried together in a single full-blown trial in which 'every issue must be disposed of, and relief denied or granted.'"

Further, as stated by the Supreme Court in *Ward v. Nava,* 488 S.W.2d 736 (Tex. 1972):

> "In *Ivy v. Carrell,* supra, this Court said:
> "'The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving *prima facie* that the defendant has such meritorious defense.'" (Emphasis added)

Thus if "the burden a defaulting defendant must assume on a motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding" and the burden one must assume in the former situation is to prove "prima facie that the defendant has such meritorious defense," how can it be said that mere *allegations* of a meritorious defense in the movant's petition or the introduction of only *some evidence* satisfies the proof requirement set forth in *Hagedorn?*

In *Hagedorn* the Supreme Court held that the burden to establish a meritorious defense lies with the movant. (Indeed, in this respect McDonald refers to this movant as "the plaintiff" in an entirely new proceeding. 4 McDonald, *Texas Civil Practice,* § 18.27.2 (1971) (11) Meritorious Claim or Defense). Burden of proof and burden of persuasion are synonymous. *Huckaby v. Huckaby,* 436 S.W.2d 601 (Tex.Civ.App. 1968, writ ref'd n. r. e.). To prove is "to make certain, to establish, to fix or settle unalterably." *Texas & New Orleans Ry. Co. v. Flowers,* 336 S.W.2d 907, 914 (Tex. Civ.App.1960, no writ). The general rule in civil cases is that the party having the burden of proof must establish the case by a preponderance of the evidence. *State v. Turner,* 556 S.W.2d 563 (Tex.1977). So, in a civil case, the evidence to support a claim must preponderate. If it does not, the evidence fails to prove the claim in any degree.

In summary, the burden of proof or risk of nonpersuasion is on the litigant who seeks to alter the status quo. This burden is placed upon the movant by the pleadings and the substantive law. Moreover, the movant has the initial duty of producing some evidence in order to satisfy the judge that the judgment should be reopened and that a retrial on the merits should be had.

Thus where the movant (plaintiff) satisfies the court that he has a *prima facie* case of proving the negative—no liability to the prior plaintiff—the burden of going forward shifts to the defendant (prior plaintiff) in the bill of review proceeding.[1] Defendant must then go forward with enough evidence to raise the issue of liability. The burden of persuasion, however, remains on the movant or the "plaintiff" in the equitable proceeding. At this point the question becomes who should win. Accordingly, appellants here had to establish by a preponderance of the evidence that their defense should prevail. Having failed to do this, the trial court entered a "take-nothing" judgment to their suit.

The obvious result of the majority and concurring opinions is to give appellant two bites at the papaya when under the pleading and proof such is unwarranted. It is

---

1. See generally *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964).

well settled that in a bill of review proceeding all the issues are tried together in a single full-blown trial in which "every issue must be disposed of, and relief denied or granted." *Texas Employers' Ins. Ass'n. v. Arnold,* 126 Tex. 466, 88 S.W.2d 473 (1935).

For these reasons, I would hold that the judgment of the trial court was correct so that it should be affirmed.