**CARLSON BOAT WORKS, Appellant,**

v.

**Leon Edward HAUCK et al., Appellees.**

**No. 15680.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1970.

McLeod, Alexander, Powel & Apffel, V. W. McLeod, Galveston, for appellant.

Perry Archer, Roy Murphy, III, Houston, for appellee Liberty Mutual Insurance Co.

COLEMAN, Justice.

This is a petition for writ of error to set aside a default judgment.

In his petition the plaintiff alleged that Carlson Boat Works was a corporation, or alternatively a partnership, "or alternatively a sole proprietorship whose agents, Jim Pollard and Gordon Cooper, may be served with citation c/o Performance Unlimited, 3331 Tripplett, Bacliff, Galveston County, Texas."

Except for the prayer, the allegations naming the parties and the style of the case, the petition reads:

"This action is to recover for damages suffered by plaintiff in a boat accident resulting from the defective manufacture of plaintiff's boat by defendant occurring on or about the 20th day of August, 1967, at or near the San Jacinto River in Harris County, Texas, to plaintiff's damage in the sum of in excess of one thousand ($1,000.00) dollars."

Citation was issued to "Carlson Boat Works, a corporation, partnership or a sole proprietorship." The sheriff's return reads: "Came to hand on the 14 day of Nov. A.D., 1968, at 10:31 o'clock a. m., and executed in Galveston County, Texas, by delivering to each of the within named defendants, in person a true copy of this citation, together with the accompanying copy of Plaintiffs' Original Petition at the following times and place, to wit: Carlson Boat Works 'by serving' Jim Pollard * * "

■ The return on the citation is defective for failure to state the manner of service as required by Rule 107, Texas Rules of Civil Procedure. Watson Van & Storage Company v. Alvin R. Busse, 451 S.W.2d 557 (Tex.Civ.App.—Houston 1st Dist. 1970, n. w. h.); Diamond Chemical Co. v. Sonoco Products Co., 437 S.W.2d 307 (Tex.Civ.App.—Corpus Christi, 1968, n. w. h.).

■ The fact that the trial court lacked in personam jurisdiction is apparent on the face of the record. The allegations of the petition do not support a finding that service of citation on Jim Pollard constituted "strict compliance with the provided mode of service." McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965); Bankers Life and Casualty Company v. Watson, 436 S.W.2d 404 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.); Aetna Casualty and Surety Company v. Dobbs, 416 S.W.2d 869 (Tex.Civ.App.—Eastland 1967); Firence Footwear Co. v. Campbell, 411 S.W.2d 636 (Tex.Civ.App.—Houston 1st 1967, writ ref'd n. r. e.); Sharp & Dohme v. Waybourne, 74 S.W.2d 413 (Tex.Civ.App.—Amarillo 1934, n. w. h.).

Appellees contend that by reason of Rule 329b, T.R.C.P., as interpreted by the Supreme Court of Texas in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961), the only way appellant could secure the relief desired was by bill of review since the time for perfecting an appeal had passed.

Rule 329b provides that after 30 days from the date a judgment is rendered or a motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time required by law. In McEwen the Supreme Court said:

" * * * Accordingly, we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process. * * *

* * * * * *

" * * * If he is not served with citation and learns of the judgment within 30 days after its rendition, he may file a motion for new trial, which the court is at liberty to grant, and if his motion is overruled he may obtain relief by appeal. If he does not learn of the judgment within 30 days after its rendition but does learn of it within six months, and the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals. Article 2255, V.A.T.S.; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934.

"If the judgment is one which the court had jurisdictional power to render but it is invalid, he may obtain relief by bill of review as provided in Rule 329–b whether the invalidity is or is not disclosed by the papers on file in the case. Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

It is clear from other language in the opinion that the Court intended the word "appeal", used in the first paragraph of the quotation, to include appeal by writ of error. See also McKanna v. Edgar, supra.

■ The question here is whether appeal by writ of error is available if the default judgment is discovered within thirty days after the judgment is entered, or, to be more precise, whether this judgment can be reversed in view of the fact that the record does not reflect whether or not the

default judgment was discovered within thirty days of the date of its rendition.

We are not persuaded that the Supreme Court intended, by the language used in McEwen, to limit the right of appeal in a case where a default judgment was discovered within thirty days of the date of its rendition to a direct appeal after the trial court overrules a motion for new trial. The Court clearly recognized the right to appeal by writ of error in the opinion. Unless the default judgment is discovered within ten days of the date of rendition, there could be no direct appeal because no notice of appeal could be filed within the time required by Rule 353, T.R.C.P. Walker v. S. & T. Truck Lines, Inc., 409 S.W.2d 942 (Tex.Civ.App.—Corpus Christi 1966, error ref'd); Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App.—Ft. Worth 1961, error ref'd).

Since appellant properly perfected his appeal by writ of error, and the trial court's lack of jurisdiction is apparent on the face of the record, the judgment by default entered by the trial court must be reversed. The cause is remanded to the trial court.

Reversed and remanded.