Michael Joseph GRIFFIN, Appellant,

v.

Glenn C. BROWNE, Appellee.

No. 15919.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 8, 1972.

Rehearing Denied June 29, 1972.

Vincent C. O'Brien, Houston, for appellant.

Robert F. Hyatt, III, Houston, for appellee.

———————◆———————

PEDEN, Justice.

Petition for writ of error to set aside a default judgment. The facts are not in dispute.

The appellant's only point of error is that the trial court should not have entered a default judgment against him at a time when the record reflects that he had an answer on file.

Appellee's position is that appellant failed to use due diligence in obtaining correction of a judicial error while the trial court had authority to correct it, so he could not thereafter obtain relief by writ of error.

Appellee brought suit on a promissory note for $5,000 plus interest and attorney's fees. The face of the note showed that it was due and payable.

The trial court had jurisdiction of the subject matter and of the parties to the suit. At 10 a. m. on Monday, July 19, 1971 the records showed that the case was ripe for judgment. On that day the defendant filed a general denial in the office of the district clerk, but on the next day, July 20, 1971, there was nothing in the case file in the trial court to indicate that an answer had been filed and the trial judge entered a default judgment against the defendant.

The clerk of the court mailed a notice of the default judgment to the defendant on the day it was entered, July 20, 1971.

Five months later, on December 20, 1971, the trial judge entered an order overruling the defendant's "Motion to set aside Default Judgment Nunc Pro Tunc." Contents of this motion and the date on which it was filed are not before us. On December 21, the defendant gave written notice of appeal from the default judgment. On January 19, 1972, within six months after entry of the default judgment, the defendant filed in the trial court his petition for writ of error.

Rule 74, Texas Rules of Civil Procedure, specifies in part: "The filing of pleadings, . . . shall be made by filing them with the clerk of the court . . . ", so the defendant's answer in this case was properly on file when the default judgment was inadvertently entered.

The defendant did not file either a motion for new trial or notice of appeal within ten days after entry of the judgment. He did not participate in any trial of the case. The invalidity of the default judgment is disclosed by the papers on file in the case.

Texas statutes provide that in cases where a writ of error is allowed, one who has not participated in the actual trial of the case may sue out such a writ at any time within six months after final judgment is rendered against him. Articles 2249a and 2255, Vernon's Civil Statutes. His right to relief by writ of error is dependent upon his showing that the invalidity of the judgment is disclosed by the papers on file in the case. Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935).

The appellee calls attention to this quotation from Finlay v. Jones, 435 S.W.2d 136 (Tex.1968):

"Respondent Moulden is gravely concerned that he will be relegated to his bill of review to obtain relief from the default judgment if the nunc pro tunc judgment and the order granting a new trial are ordered set aside. That may well be so at this point in time, but it was not so in the beginning. The Rules of Civil Procedure provided him with specific tools for protecting himself against the judgment. Rule 239a required that notice of the default judgment be sent to his last known address. The notice was sent. The purpose of the notice was to give him ample opportunity to file a motion for new trial. The motion was duly and timely filed and there seems little doubt that it would have been granted if it had been presented to the trial judge. Having failed to obtain a new trial, Moulden could have rid himself of the judgment by appealing pursuant to Rules 352–355, or under Article 2255, which conferred upon him a right to appeal by writ of error at any time within six months after the judgment became final. If an appeal had been taken, it is unlikely that any appellate court would have permitted the default judgment to stand. Having failed to avail himself of these simple and efficacious remedies, Moulden is now relegated to his bill of review for obtaining relief, but this is not because of shortcomings in the Rules and does not justify subverting other Rules to an unintended purpose."

Appellee argues that by this statement our Supreme Court does not suggest that one who has notice of entry of a default judgment within the ten day period could elect to either file a motion for new trial or seek a writ of error. Rather, appellee contends, since the appellant had prompt notice of the entry of the judgment, his failure to timely file a motion for new trial left available to him only the possible remedy of bill of review.

Noting that the Texas Supreme Court stated in McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961): " . . . we construe the emphasized provision of Rule 329–b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisictional power to render it. . . . ", we said in Carlson Boat Works v. Hauck, Tex.Civ.App., 459 S.W.2d 887 (1970, no writ) that it is clear from other language in McEwen that the word "appeal" used in the quoted paragraph includes appeal by writ of error.

We hold that the right of appeal by writ of error is not lost by a defendant who, having learned of the entry of a default judgment against him within ten days thereafter, fails to file and present a motion for new trial. Of course it would be better practice to timely file and present such a motion, as was pointed out in Finlay v. Jones, supra, but we find no basis in law for holding such action to be a prerequisite to appeal by writ of error. See Carlson Boat Works v. Hauck, supra, and Anglo Mexicana de Seguros, S. A. v. Elizondo, 405 S.W.2d 722 (Tex.Civ.App.1966, writ ref. n. r. e.).

We note that the record does not disclose that while the trial judge still had power a) to correct the recital in the judgment that the defendant had defaulted and b) to set the judgment aside, he was ever notified that an answer had been timely filed in the district clerk's office. He lost authority to rectify the matter thirty days after entry of the judgment. Finlay v. Jones, supra, 435 S.W.2d at p. 139.

The judgment of the trial court is reversed and the cause is remanded.