**Virginia CRAWFORD d/b/a B. R. Crawford Water Well Service, Appellant,**

v.

**Claud BROWN, Appellee.**

**No. 7559.**

Court of Civil Appeals of Texas, Beaumont.

March 14, 1974.

James A. Clark, Woodville, for appellant.

Provost, Umphrey, Doyle & Mehaffy, Port Arthur, for appellee.

DIES, Chief Justice.

A default judgment was granted plaintiff below from which defendant perfects this appeal by writ of error. Defendant's first point of error complains of lack of process, which we sustain and remand the cause for a new trial.

Plaintiff's original petition, filed June 14, 1973, complained of "B. R. CRAWFORD WATER WELL SERVICE, hereinafter called Defendant . . ."

Citation was to "B. R. Crawford Water Well Service, Highway 69, Doucette, Texas."

The officer's return on the citation reads:

"Came to hand on the 2 day of July, 1973, at 11 o'clock A.M.

"Executed at Doucette, within the County of Tyler, at 7–8 o'clock P.M. on the 4 day of July, 1973, by delivering to the within named B. R. Crawford Water Well Service each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and indorsed on such copy of citation the date of delivery."

Judgment by default was granted on August 14, 1973, "of and from the Defendant, B. R. CRAWFORD WATER WELL SERVICE."

On November 27, 1973, "Virginia Crawford individually and d/b/a B. R. Crawford Water Well Service" filed the petition for writ of error.

In this state, a default judgment may not stand unless the record shows strict compliance with the mode of service. Investors Diversified Services, Inc. v. Bruner, 366 S.W.2d 810, 813 (Tex.Civ.App., Houston, 1963, error ref., n. r. e.) (and authorities there cited); Ponca Wholesale Mercantile Company v. Alley, 378 S.W.2d 129 (Tex.Civ.App., Amarillo, 1964, error ref., n. r. e.). Unless the case is one in which constructive or substituted service is authorized, personal service is indispensable and jurisdictional. Roberts v. Stockslager, 4 Tex. 307 (1849); Perez v. Perez, 59 Tex. 322 (1883); Erwin v. Holliday, 131 Tex. 69, 112 S.W.2d 177 (1938); 46 Tex. Jur.2d, Processes and Notices, § 38 (1963).

Here the petition complained of B. R. Crawford Water Well Service. There is no allegation of whether this is an individual ownership, a corporation, or a partnership. In each event, the service could differ. In all events service on B. R. Crawford Water Well Service is defective.

Plaintiff contends defendant was limited to bringing this appeal by bill of review citing McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961). We disagree. See Texaco, Inc. v. McEwen, 356 S.W.2d 809 (Tex.Civ.App., Dallas, 1962, error ref., n. r. e.), wherein the same judgment was set aside on petition for writ of error.

The petition for writ of error here was filed within six months of the default judgment. Thus, defendant complied with the statutory provisions governing such proceedings, Articles 2249, 2249a, and 2255, Vernon's Ann.Civ.St. Our record does not reveal whether or not defendant had notice of the judgment in time to file a motion for new trial, but under the holding of Griffin v. Browne, 482 S.W.2d 716

**576**

(Tex.Civ.App., Houston—1st Dist., 1972, error ref., n. r. e.), this is not crucial. There at 718 the court said:

"We hold that the right of appeal by writ of error is not lost by a defendant who, having learned of the entry of a default judgment against him within ten days thereafter, fails to file and present a motion for new trial. Of course it would be better practice to timely file and present such a motion, as was pointed out in Finlay v. Jones, supra [435 S. W.2d 136 (Tex.)], but we find no basis in law for holding such action to be a prerequisite to appeal by writ of error."

Reversed and remanded for new trial.