WINSTON MORTGAGE COMPANY
et al., Appellants,

v.

W. M. BEVLY, Appellee.

No. B2091.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 30, 1979.

Rehearing Denied June 20, 1979.

Charles H. Price; Redd & Price, Houston, for appellants.

Walter C. Cooke, Meredith, Donnell & Edmonds, Corpus Christi, for appellee.

Before BROWN, C. J., and COULSON and CIRE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal by writ of error filed by Winston Mortgage Company and L. W. Freeman (appellants) after a default judgment in favor of W. M. Bevly, appellee and plaintiff below, in a suit upon a written contract.

Appellants' first point of error urges that the trial court erred in failing to have a record made of the testimony taken at the default judgment hearing and that appellants are therefore entitled to a retrial due to their inability to obtain a statement of facts. In response appellee filed a motion to dismiss for want of jurisdiction, claiming that since this point was not included in a timely motion for a new trial, it could not be presented on appeal. Upon oral argument appellee withdrew the motion to dismiss; however, since jurisdiction cannot be granted by consent, we will address this point.

Appellee based its argument on amended rule 324, Tex.R.Civ.P., which states:

A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. . . Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon.

The amended rule does not alter the principle that "the right of appeal by writ of error is not lost by a defendant who . . . fails to file and present a motion for new trial." *Griffin v. Browne*, 482 S.W.2d 716, 718 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.). Review by writ of error has always been and continues to be available to an appellant who, not having participated in the trial on the merits, properly files his petition within six months of the date of judgment. This is so regardless of whether a motion for new trial is filed within the prescribed time, filed late, or not filed at all. Article 2255, Tex.Rev.Civ.Stat.Ann.; *Griffin v. Browne, supra; Crawford v. Brown*, 507 S.W.2d 574 (Tex.Civ.App.—Beaumont 1974, no writ history.)

Accordingly this court has jurisdiction to consider appellants' contention that they are entitled to a new trial because of their inability through no fault of their own to obtain a statement of facts.

It is now an established principle that "if an appealing party exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex.Sup.1976). *See also Rogers v. Rogers*, 561 S.W.2d 172 (Tex.Sup.1978). Further, relief upon writ of error, which requires that the invalidity of the judgment of the trial court be disclosed by the papers on file in the case, may be had "because of [appellant's] inability to procure a statement of facts," since "in such respect the invalidity of the judgment from which he appealed by writ of error is disclosed by the papers . . . ." 544 S.W.2d at 123.

However, in this case we are presented with a suit for liquidated damages based upon a written instrument. In such a case rule 241, Tex.R.Civ.P., provides that when a default judgment is rendered against the defendant, "the damages shall be assessed by the court, or under its direction, and judgment final shall be rendered therefor . . . ." Further, a default by a defendant, where the plaintiff's claim is liquidated and based upon a written instrument, admits the allegations of damages, *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, no writ), thus relieving the court of the necessity to hear evidence as to damages. *See also Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

In this respect this case is similar to that of *Wallace v. Snyder National Bank*, 527 S.W.2d 485 (Tex.Civ.App.—Eastland 1975, writ ref'd n.r.e.), wherein the plaintiff sought and received a default judgment on a promissory note and attorney's fees. There appellant argued that he was entitled to a reversal because no record was made by the court reporter. The court, citing rule 241, agreed with this contention "only as to the amount of attorney's fees. The remainder of the award was 'liquidated and proved by an instrument in writing.'" 527 S.W.2d at 487. The court pointed out that attorney's fees, absent a contract, is an

unliquidated demand as to which the trial court must hear evidence, and the absence of a record for review of such an award necessitates reversal and remand for retrial as to the issue of attorney's fees.

■ Appellee here made no demand for attorney's fees. His claim was solely for the liquidated amount set forth in the written contract plus interest. Accordingly there was no requirement that the trial court hear evidence as to damages, as in fact the judgment shows that it did not. There is therefore no basis upon which to remand this case for a retrial upon any issue as to which an evidentiary hearing is necessary.

Appellants' remaining point of error urges that the trial court erred in failing to use his equitable powers and discretion to award a new trial, even though the motion was filed on the thirtieth day after judgment, in violation of rule 329b, Tex.R.Civ.P. The Texas Supreme Court has held in *Thomas v. Davis,* 553 S.W.2d 624 (Tex.Sup. 1977) that:

> [U]nder subdivision one of Rule 329b, a trial court's order overruling a motion for new trial filed after the 10-day period cannot be the basis of appellate review, regardless of the fact that the trial court's order was issued within 30 days of judgment. *The court of civil appeals had no jurisdiction to consider the late-filed motion for new trial.*

553 S.W.2d at 626 (emphasis added).

The judgment of the trial court is affirmed.