**Allen Stewart HUNTER, Appellant,**

v.

**Katherine Ann HUNTER, Appellee.**

**No. C14–83–381CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 2, 1984.

Barbara Calderon, Weitinger, Steelhammer & Tucker, Houston, for appellant.

Kenneth C. Kobobel, Kenneth C. Kobobel & Associates, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant appeals by writ of error from a default judgment granting Appellee a divorce from Appellant. Appellee was appointed managing conservator of the children and was awarded her separate property and a portion of the community property. In his single point of error, Appellant alleges the trial court erred in entering the default judgment because the court reporter made no record of the proceeding. TEX.

FAM.CODE § 11.14(d) (Vernon 1975), provides that in any case involving a parent-child relationship, "[a] record shall be made ... unless waived by the parties with the consent of the court." We hold that Appellant is entitled to bring a writ of error and we reverse and remand.

■ Appellate jurisdiction may be invoked by writ of error if: (1) the petition is filed within six months after final judgment is rendered; (2) the party did not participate in the trial on the merits; and (3) the invalidity of the judgment appears on the face of the record. *See Garcia v. Garcia,* 618 S.W.2d 117 (Tex.Civ.App.—Corpus Christi 1981, dism'd w.o.j.); *Winston Mortgage Co. v. Bevly,* 583 S.W.2d 838 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Appellant has met each criteria: his petition for writ of error was filed within the six month period; the record reflects no participation by Appellant in the trial; and he was unable to secure the Statement of Facts, because none was made. Appellant has therefore established the invalidity of the judgment on the face of the record. *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978).

■ We hold that the language of § 11.14(d) is mandatory: a record *shall* be made unless expressly waived by the parties and approved by the court. Since no Statement of Facts was made and the record is void of any evidence of waiver by Appellant, we reverse and remand for new trial.