Judith Faye KISINGER, Appellant,

v.

William Boyd KISINGER, Appellee.

No. C14-86-525-CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 18, 1987.

Starling Marc Lindsey, Houston, for appellant.

Richard Stephanow, Frank M. Sheppard, Jr., Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

In her writ of error, appellant Judith Faye Kisinger contends that the trial court erred by hearing and granting appellee William Boyd Kisinger's Motion to Modify Order in a Suit Affecting the Parent–Child Relationship. She alleges (1) that the trial court lacked personal jurisdiction over her; (2) that appellee failed to meet the notice requirement of Texas Family Code Annotated Section 14.08; and (3) that the trial court erred by failing to make a record or obtain an express waiver of this requirement. We reverse and remand this case to the trial court.

The parties to this appeal were divorced on July 14, 1982. Appellant was named managing conservator of their child. On

**4**

July 19, 1985, appellee filed a Motion to Modify an Order in a Suit Affecting the Parent–Child Relationship. The record does not contain a citation of service of the motion or waiver thereof. Appellant did not file a written answer to the Motion to Modify. The judge held a hearing on October 28, 1985, and signed and entered an order modifying the custody arrangement. The order that the judge signed and entered had been signed by appellant, appellee, and appellee's attorney.

▪ For appellant to maintain a writ of error, she must prove four elements: (1) The appeal is brought within six months of the date of judgment; (2) It is brought by a party to the suit; (3) The party did not participate in the actual trial; and (4) Error is apparent from the face of the record. *Hunter v. Hunter*, 666 S.W.2d 335 (Tex. App.—Houston [14th Dist.] 1984, no writ). After a review of the record and applicable case law, we find appellant has proven all four elements.

The first two elements are clearly met; however, the third and fourth elements merit some discussion. The party appealing a judgment must prove she did not participate in the actual trial.

▪ Several courts have discussed the element of non-participation in the actual trial. The cornerstone case on the issue is *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941). In *Lawyers Lloyds*, the Texas Supreme Court discussed the legislature's restriction of appeal by writ of error to those individuals who do not participate in the actual trial. The court noted that the legislature intended to eliminate the right of appeal by writ of error from those who should reasonably be required to use the direct method of appeal. Individuals who participate in the actual trial are familiar with the record and can begin to prepare for appeal immediately while individuals who do not participate may need additional time to familiarize themselves with the record. *Id.* 152 S.W. 2d at 1097.

Rule 360(2)[1] of the Texas Rules of Civil Procedure (Vernon 1985) provides:

No party who participates either in person or by his attorney *in the actual trial* of the case in the trial court shall be entitled to review by the Court of Appeals through means of writ of error. (Emphasis added).

In *Lawyers Lloyds*, the Texas Supreme Court defined "actual trial" as, usually, the hearing in open court leading up to the rendition of judgment on the questions of law and fact. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985); *Blankinship v. Blankinship*, 572 S.W.2d 807, 807 (Tex.Civ. App.—Houston [14th Dist.] 1978, no writ). Here appellant signed an order modifying the original custody agreement prior to its entry by the trial court. However, she did not appear at the hearing at which the judge signed and entered the order. Though the order, on its face, recites that appellant was represented by her attorney, no attorney signed the order on behalf of the appellant nor does the docket sheet reflect the name of any attorney representing appellant. Additionally, the record reflects neither service on appellant nor waiver of citation by her. Finally, the record reflects that appellant did not expressly waive the making of a statement of facts.

Notwithstanding these facts, appellee contends that, because appellant signed the order prior to its entry, she participated in the actual trial to such an extent that she should be precluded from an appeal by writ of error. We disagree. We find that appellant's signing of the order modifying the custody arrangement was not a sufficient act of participation to preclude appellant from obtaining review by writ of error. In this regard we deem it significant that there is nothing in the order itself or elsewhere in the record which indicates that it was an agreed order or that appellant "approved" it other than appellant's signature standing alone. Though this court held in *Blankinship v. Blankinship*, that an ap-

---

1. Texas Rule of Civil Procedure 360 was repealed September 1, 1986. See Texas Rule of Appellate Procedure 45.

pellant who signed a divorce judgment prior to its entry participated in the proceedings to the extent that he was precluded from obtaining review through a writ of error, we noted that appellant had also signed a waiver of citation, which indicated that he was entering an appearance for all purposes, and a waiver of the requirement that a record of the proceedings be made. *Blankinship*, 572 S.W.2d at 808. In *Stubbs*, the Texas Supreme Court approved our decision in *Blankinship*. The *Stubbs* decision distinguished *Blankinship* and held that the appellant in *Stubbs* was not precluded from review although she had signed a waiver of citation and the divorce agreement because she had not expressly waived the making of the statement of facts. Here, not only did appellant not waive the making of the statement of facts, but she also did not sign a waiver of citation.

 The fourth element to be established in a writ of error proceeding is that an error must be apparent from the face of the record. Appellant argues that three errors are apparent from the face of this record: (1) the trial court's failure to make a record as required by Texas Family Code sections 11.01(5) and 11.14(d); (2) appellee's failure to give appellant thirty days notice; and (3) appellee's failure to obtain personal jurisdiction over appellant. We need only address the first.

 Section 11.14(d) provides:

A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.

Tex.Fam.Code Ann. § 11.14(d) (Vernon 1986). This section of the Family Code imposes a duty on the court to make a record in all suits affecting the parent-child relationship unless it is waived by both parties with consent of the court. *O'Connell v. O'Connell*, 661 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Stubbs*, 685 S.W.2d at 645; *Hunter v. Hunter*, 666 S.W.2d 335, 336 (Tex.App.—Houston [14th Dist.] 1984, no writ). Appellant did not expressly waive the record nor was she present and failed to object to the lack of record during the hearing. Appellee argues that the judge only signed and

entered the order agreed to by the parties and thus no record was necessary. We disagree for two reasons. First, a record of the proceedings does not necessarily require a question and answer narrative. *Ducoff v. Ducoff*, 523 S.W.2d 264, 267 (Tex. Civ.App.—Houston [14th Dist.] 1975, no writ); *Brown v. Brown*, 520 S.W.2d 571, 576 (Tex.Civ.App.1975, writ dis'd). Second, the order itself states:

All parties announced ready for trial, and no jury having been demanded, all matters in controversy, including questions of fact and law, were submitted to the court.

The clear inference one draws from this language is that the court made some findings of fact and conclusions of law. Appellant is entitled to know what these findings and conclusions were. In any event the legislature through the family code places certain requirements on suits affecting the parent-child relationship. These requirements require strict interpretation to insure that changes affecting the parent-child relationship are carefully scrutinized. The making of a record or a waiver thereof by both parties in such proceedings is mandatory. Here, we have neither reflected in the judgment or the transcript. Therefore, we grant appellant's writ of error, reverse the judgment and remand the case to the trial court for proceedings consistent with this opinion.