Reversed and Remanded and Memorandum Opinion filed October 5, 2006








Reversed and
Remanded and Memorandum
Opinion filed October 5, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00738-CV

____________

 

CLINTON EUGENE PAYNE, Appellant

 

V.

 

DORIS I. PAYNE, Appellee

 



 

On Appeal from the 306th
District Court

Galveston County, Texas

Trial Court Cause No. 05FD1043

 



 

M EM O R A N D U M   O P I N I O N

Appellant, Clinton Eugene Payne, appeals the default
judgment entered in favor of appellee, Doris I. Payne.  We reverse and remand.

                                                  Background








On April 15, 2005, Doris filed a petition for enforcement
of a decree of divorce and an application for a temporary restraining order and
temporary injunction.  According to Doris= petition, on June
14, 2004, Clinton signed a power of attorney appointing her as his agent in
order to effectuate the terms of a final decree of divorce related to stock
transactions concerning a certain corporation and the sale of certain real
property.  Clinton later rescinded the power of attorney.  Doris alleges that
through fraud, deceit, coercion, manipulation, duress, and intimidation by
Clinton, she executed a number of documents, without consideration, divesting
her of property she had been awarded in the divorce.  

On April 15, 2005, the trial court entered a temporary
restraining order prohibiting Clinton from utilizing the documents executed by
Doris to transfer, encumber, assign, sell, or affect any of Doris= interests in the
property she was awarded in the divorce.  Also, in the order, the trial court
set a hearing on the application for a temporary injunction for May 5, 2005,
with the Acondition precedent@ of Amediation . . .
prior to said hearing.@  

On April 19, 2005, Clinton was served with the petition and
the temporary restraining order.  On May 5, 2005, the trial court held a
hearing on the temporary injunction, which Clinton did not attend.  At the end
of the hearing, the trial court requested briefing from Doris= counsel and took
the matter under advisement pending the filing of Doris= brief.  Clinton
did not file an answer, which was due by May 16, 2005, at 10:00 a.m.[1] 
On May 19, 2005, Doris= counsel filed the requested brief.  On
May 23, 2005, the trial court rendered its decision in favor of Doris.[2] 









On June 3, 2005, Clinton filed an objection to the entry of
the default judgment, a motion to set aside the default judgment, and a motion
for new trial.  On June 6, 2005, the trial court held a hearing on the entry of
the enforcement order.  Clinton=s attorney, who was present at the
hearing, objected to the entry of the enforcement order.  The trial court
overruled the motion for new trial and entered a final judgment ordering that
the documents signed by Doris were set aside and declared void for failure of
consideration, ordering Clinton to execute any and all documents necessary to
effectuate its ruling, and awarding $5,500 in fees to Doris= attorney.  

On June 8, 2005, Clinton filed an answer to the petition
and a first amended motion to set aside the default judgment and, in the
alternative, motion for new trial.  At a hearing on June 14, 2005, the trial
court stated its June 6 ruling overruling Clinton=s first motion for
new trial Ais going to stand.@  Clinton appeals
the trial court=s default judgment.

                                             Return of Service

In his first issue, Clinton argues the trial court lacked
jurisdiction over him because the return of service was not in strict
compliance with the Texas Rules of Civil Procedure.  There is no presumption in
favor of valid issuance, service, and return of citation in the review of a
no-answer default judgment.  Uvalde Country Club v. Martin Linen Supply Co.,
690 S.W.2d 884, 885 (Tex. 1985).  Failure to affirmatively show strict
compliance with the Rules of Civil Procedure renders the attempted service of
process invalid.  McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex. 1965).  AStrict compliance@ means literal
compliance with the rules governing issuance, service, and return of citation. 
Amato v. Hernandez, 981 S.W.2d 947, 949 (Tex. App.CHouston [1st
Dist.] 1998, pet. denied).  

Clinton complains
that the manner of service is not specified on the return as required by Rule
107 of the Texas Rules of Civil Procedure, which provides, in relevant part:

The return of the
officer or authorized person executing the citation shall be endorsed on or
attached to the same; it shall state when the citation was served and the
manner of service and be signed by the officer officially or by the
authorized person. 








Tex. R. Civ. P. 107 (emphasis added). 
According to Rule 107, the manner of service must be specified.  Faggett v.
Hargrove, 921 S.W.2d 274, 277 (Tex. App.CHouston [1st
Dist.] 1995, no writ), overruled on other grounds by Barker CATV Constr. v.
Ampro, Inc., 989 S.W.2d 789, 793 n.2 (Tex. App.CHouston [1st
Dist.] 1999, no pet.) (en banc); Hanover Modular Homes of Taft, Inc. v.
Corpus Christi Bank & Trust, 476 S.W.2d 97, 99 (Tex. Civ. App.CCorpus Christi
1972, no writ).  If any of the requirements of Rule 107 are not satisfied, the
citation is fatally defective and will not support a default judgment under
direct attack.  Faggett, 921 S.W.2d at 277.  

The return of
service for the petition states, in relevant part:

Came to hand on
[the] 19th day of April, 2005 at 1:05 o=clock pm and
executed in Harris County, Texas by delivering to the within named defendant
CLINTON EUGENE PAYNE, in person or by registered or certified mail, return
receipt requested, a true copy of this Citation, with the date of delivery
endorsed thereon, together with the accompanying true and correct copy of the
Plaintiff=s ORIGINAL petition, at the following times and
places, to wit: . . .[3] 


The
return then states it was served on Clinton Eugene Payne on April 19, 2005 at
3:40 pm, at 3 Bayshore Drive, La Porte, Texas.[4] 









The return provides three methods by which the defendant
may be served:  (1) in person, (2) registered mail, or (3) certified mail,
return receipt requested.  However, there is no indication on the return
showing the manner of service on Clinton as required by Rule 107 and, thus, it
is defective.  See Carlson Boat Works v. Hauck, 459 S.W.2d 887, 888
(Tex. Civ. App.CHouston [1st Dist.] 1970, no writ)
(stating return of service is defective because of failure to state the manner
of service).[5] 
Therefore, the trial court lacked in personam jurisdiction over Clinton at the
time of the hearing and the entry of judgment.[6] 
We sustain Clinton=s first issue.[7] 


Accordingly, we reverse the judgment of the trial court and
remand the cause to the trial court for proceedings consistent with this
opinion.  

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 5, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.









[1]  A defendant=s
answer must be filed by 10:00 a.m. on the Monday next following the expiration
of 20 days after the date of service.  Tex.
R. Civ. P. 99(b); Morris v. Zesati, 162 S.W.3d 669, 672 (Tex.
App.CEl Paso 2005, no pet.).  





[2]  The trial court=s
memorandum announcing its decision is not part of the appellate record.  





[3]  Emphasis added.  





[4]  The return of service for the writ and temporary
restraining order is nearly identical.  





[5]  At the June 3 hearing on his objection to the entry
of the default judgment and motion for new trial, Clinton=s attorney told the court that A[Clinton] was served and he did speak with the
mediator at the time.@  A default judgment, however, is improper against a
defendant who has not been served in strict compliance with the rules, even if
he has actual knowledge of the lawsuit.  Wilson v. Dunn, 800 S.W.2d 833,
837 (Tex. 1990); see also Fidelity & Guar. Ins. Co. v. Drewery Constr.
Co., 186 S.W.3d 571, 574 n.1 (Tex. 2006) (explaining that receiving suit
papers or actual notice through a procedure not authorized for service is
treated the same as never receiving them).  





[6]  However, on remand, it will not be necessary to
serve Clinton because he has entered an appearance by filing a motion for new
trial and prosecuting this appeal. See Smith v. Amarillo Hosp. Dist.,
672 S.W.2d 615, 617 (Tex. App.CAmarillo 1984,
no writ) (holding the defendant=s activities
after entry of judgment, by which he sought a new trial, were sufficient to
constitute a general appearance Afrom
that time forward@); Fleming v. Hernden, 564 S.W.2d 157, 159
(Tex. Civ. App.CEl Paso 1978, writ ref=d n.r.e.) (holding that by filing a motion for new trial after
judgment, the defendant would be before court on remand without necessity of
further citation); H.L. McRae Co. v. Hooker Constr. Co., 579 S.W.2d 62,
66 (Tex. Civ. App.CAustin 1979, no writ) (holding appeal from default
judgment, though not waiving defects in service, constitutes an appearance from
the time it is perfected); Hanover Modular Homes of Taft, Inc., 476
S.W.2d at 102 (holding question of service would not be presented at retrial
because, by prosecuting appeal, the defendant entered its appearance for
appellate court and further proceedings in the trial court).  





[7]  Because we are sustaining Clinton=s first issue regarding jurisdiction, it is not
necessary to address his remaining issues.