**Opinion issued October 22, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00278-CV

————————————

## GIL RAMIREZ AND MARIACHI BAR AND GRILL LLC, Appellants

## V.

## COCA-COLA REFRESHMENTS USA, INC. FKA COCA-COLA

## ENTERPRISES, INC. Appellee

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1017216**

## MEMORANDUM OPINION

In this suit on a sworn account, Coca-Cola Refreshments USA sought a judgment for money owed for goods and services that it provided to a restaurant. The trial court granted Coca-Cola's motion for summary judgment and awarded

attorney's fees. The restaurant debtors appeal, challenging the evidence supporting summary judgment and the attorney's fees. We hold that the trial court properly granted summary judgment, but that an issue of material fact exists as to the reasonableness of the fees awarded. Accordingly, we affirm in part, and reverse and remand in part for trial of the attorney's fees issue.

## Background

Mariachi Bar & Grill, and Gil Ramirez as its guarantor, signed a credit agreement with Coca-Cola Refreshments USA. The agreement facilitated Mariachi's purchase of Coca-Cola products on credit. Mariachi used the credit to purchase $8,051.37 worth of goods. Mariachi later defaulted. After several attempts to collect payment, Coca-Cola sued on its sworn account. With its original petition, Coca-Cola included a business records affidavit, the credit agreement, and the invoices for Mariachi's purchases. Jennifer Burton, Coca-Cola's director of credit and collections and its custodian of records, supplied the affidavit. Coca-Cola also directed several requests for admissions to Mariachi and Ramirez.

In their original answer, Mariachi and Ramirez did not file a verified denial of Coca-Cola's claim on the account. Coca-Cola moved for summary judgment, claiming that the answer was insufficient as a matter of law and that Mariachi had conceded all material factual issues by not timely responding to Coca-Cola's

request for admissions. Mariachi then amended its answer to deny Coca-Cola's sworn account. Ramirez also averred that he did not sign the invoices or order the goods described in the invoices and that he did not know who had signed the invoices on Mariachi's behalf.

Coca-Cola again moved for summary judgment, and it included a second affidavit by Jennifer Burton. The trial court granted summary judgment and awarded Coca-Cola its attorney's fees.

## Discussion

### I. Sworn Account

Mariachi and Ramirez contend that Coca-Cola did not establish the amount owed to Coca-Cola.

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, like the one filed in this case, the movant must establish that no genuine issue of material fact exists and that the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*,

164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997). A conclusory statement is one that does not provide the underlying facts to support the conclusion and cannot be readily controverted. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ); *see also Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999) (holding that witness's affidavit is conclusory if it fails to explain basis of witness's statements to link his conclusions to facts).

*Analysis*

In any action founded upon an open account or claim for goods, including a claim for a liquidated money demand based upon written contract, the account is prima facie evidence that a claim for the amount is owed if a systematic record has been kept and the record is supported by an affidavit. TEX. R. CIV. P. 185. A defendant must rebut a sworn account with a sworn denial. *Id.*; TEX. R. CIV. P. 93(10); *Canter v. Easley*, 787 S.W.2d 72, 73 (Tex. App.—Houston [1st Dist.] 1990, writ denied); *see also Huddleston v. Case Power & Equip. Co.*, 748 S.W.2d

4

102, 103-04 (Tex. App.—Dallas 1988, no writ) (holding that sworn general denial is insufficient).

To prevail against a sworn denial, a plaintiff must show: (1) the sale and delivery of merchandise; (2) the amount owed is just, that is, in accordance with an agreement, or if there is no agreement, the prices are the usual, customary and reasonable prices for that merchandise; and (3) the amount is unpaid. *Worley v. Butler*, 809 S.W.2d 242, 245 (Tex. App.—Corpus Christi 1990, no writ).

Coca-Cola's credit agreement shows that Ramirez signed both as the representative of Mariachi and as a personal guarantor, agreeing to pay Coca-Cola for all purchases. The agreement provides that the invoices "represent the billing document[s]" and that no further bills would be sent. The invoices reflect that Mariachi and Ramirez owe $8,051.37 for five purchases of soda syrups and other fountain supplies, ordered over a three-month period in early 2011. The invoices appear to have been signed upon delivery of the goods by truck to Paco Joe's, at 9333 Bryant Street, the address listed for service of process for Ramirez.

Coca-Cola produced two affidavits by Jennifer Burton, recounting her dealings with Mariachi. Burton personally handled Mariachi's accounts and Coca-Cola's collection efforts. Mariachi bought the goods described in the invoices. Mariachi's representatives signed the invoices and took delivery of the items. The balance owed was $8,051.37 (the amount awarded by the trial court in damages).

Burton further avers that the prices on the invoices were agreed prices, representing reasonable market values for the goods sold.

Mariachi and Ramirez contend on appeal their amended sworn denial in response to the motion for summary judgment destroys the evidentiary effect of Coca-Cola's Rule 185 petition, forcing Coca-Cola to prove its claim. *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.). They fail to recognize, however, that Coca-Cola adduced evidence of the substantive elements of its suit on a sworn account in its motion for summary judgment. *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ) (enumerating elements of both sworn account and breach of contract).

Coca-Cola's evidence satisfies its burden. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999); *Hahn v. Love*, 321 S.W.3d 517, 523 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The invoices—and the affidavits authenticating and corroborating them—prove a sale and delivery of goods and an agreement as to price. *United Bus. Machs. v. Entm't Mktg, Inc.*, 792 S.W.2d 262, 264 (Tex. App.—Houston [1st Dist.] 1990, no writ) (holding that affidavit by plaintiff's employee, who was responsible for defendant's account with plaintiff and signed invoices showing defendant's receipt of goods, sufficed to prove delivery). Each invoice identifies the goods sold to Mariachi, the place and date of

delivery, and that Mariachi's representative signed each invoice to confirm receipt of those goods. Burton's affidavit confirms the reasonableness of the prices listed on the invoices and that Mariachi agreed to pay those prices. *See United Bus. Machs.*, 792 S.W.2d at 264 (holding that signed invoices and affidavit by creditor's employee were sufficient to prove that prices were reasonable and that defendant agreed to them). Finally, Burton's affidavit shows that Mariachi's account was unpaid.

In the face of Coca-Cola's evidence, Ramirez averred that he did not sign the invoices, that he did not order the goods described in the invoices, and that he did not know who signed the invoices. Under the guaranty agreement, however, Ramirez was liable to Coca-Cola for any amount Mariachi failed to pay, regardless of whether Ramirez personally knew of, or consented to, the specific purchases. Ramirez does not deny signing the credit and guaranty agreement and does not deny that a Mariachi representative purchased the goods and took delivery of them.

Mariachi also relies on its denials to Coca-Cola's request for admissions. A party cannot, however, rely on its own denials to requests for admissions for summary judgment proof. *Stauder v. Nichols*, No. 01-08-00773-CV, 2010 WL 2306385, at *7 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.); *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99, 102 (Tex. Civ. App.—

Dallas 1975, no writ).  Mariachi's responses thus do not raise a genuine issue of material fact.

Finding no genuine issue of material fact, we hold that the sworn account and the accompanying affidavits support the trial court's summary judgment.

## II. Attorney's Fees

Mariachi contends that the trial court erred in awarding Coca-Cola its requested attorney's fees.

*Standard of Review*

Section 38.001(7) of the Texas Civil Practice and Remedies Code authorizes the award of attorney's fees in this case.  That provision states, "[a] person may recover reasonable attorney's fees . . . if the claim is for . . . a sworn account . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(7) (West 2008).  Any fees must be reasonable and necessary, which are questions of fact, as well as equitable and just, which are questions of law.  *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Although what constitutes reasonable attorney's fees is a question of fact, clear, direct, and uncontroverted evidence, even from an interested witness, will establish that attorney's fees sought are reasonable and necessary, where the opposing party had means and opportunity to disprove the testimony, but it failed to do so.  *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990));

*Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 321 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

*Analysis*

The trial court awarded $3,320.00 in attorney's fees. In a controverting affidavit, Mariachi and Ramirez's counsel observes that a contingent fee contract does not provide a sufficient basis to establish that fees are reasonable, and the affidavit filed by Coca-Cola's attorney fails to address the *Arthur Andersen* reasonableness factors. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *see* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G., app. A (West 2013) (TEX. STATE BAR R. art. X, § 9). In his affidavit, Mariachi's attorney questions the reasonableness of Coca-Cola's attorney's fees based on the case's simplicity. He notes that the parties engaged in no discovery beyond the exchange of forms, and that there were no motions before the court apart from the summary judgment motion. He disputes the reasonableness and necessity of the $3,320.00 award.

Coca-Cola responds by citing its expert witness designation for its attorney, which noted an hourly rate and the number of hours the attorney expected to work on the case, and the attorney's affidavit. Only the affidavit constitutes summary judgment evidence. In his affidavit, Coca-Cola's attorney describes his experience as an attorney, his familiarity with the fees customarily charged by attorneys in

Harris County, and explains that he is handling the case on a contingent fee arrangement. He describes generally his efforts on the case, which "include but are not limited to investigating to determine Defendant's circumstances, attempting to secure collection of the indebtedness by amicable means, preparing and filing the Petition in this cause, arranging for service of citation and preparing the Judgment herein." He concludes by averring that $3,320.00 is a "reasonable and customary" attorney's fee based upon the amount in controversy.

We hold that Mariachi and Ramirez raise an issue of fact; namely, whether Coca-Cola conclusively proved the number of hours its attorney worked or the hourly rate he charged, and whether the pre-trial proceedings were extensive enough to justify the amount awarded. Coca-Cola cannot prevail because Mariachi's attorney proffered an affidavit contesting the reasonableness of the fees. An affidavit need not recite the *Arthur Andersen* factors. *Delcor USA, Inc. v. Texas Indus. Specialties, Inc.*, No. 14–11–00048–CV, 2011 WL 6224466, at *5 (Tex. App.—Houston [14th Dist.] Dec. 13, 2011, no pet.) (mem. op.). Considering the affidavit in light of those factors, however, it does not conclusively prove the reasonableness of Coca-Cola's attorney's fees. The affidavit does not itemize the hours worked or identify a billable rate. Nor does it address the proportion of the time the case occupied or whether it prevented the attorney from taking other cases. The relevant information supporting the fee award is that the fee was

contingent, and that, in the attorney's estimation, it was reasonable and customary. Given Mariachi's attorney's counter-affidavit, evidence of a contingent fee arrangement is not enough to support an award of attorney's fees. *Arthur Andersen*, 945 S.W.2d at 818–19.

Because Mariachi and Ramirez raise an issue of material fact, we hold that the trial court erred in awarding attorney's fees as a matter of law. Accordingly, we reverse the trial court's summary judgment on the attorney's fees award and remand that part of the case for further proceedings.

## Conclusion

Coca-Cola met its summary judgment burden in its action on a sworn account, but a fact issue exists with respect to its request for attorney's fees. We therefore affirm the summary judgment, but reverse and remand the request for attorney's fees to the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.