ACCEPTED
14-12-00655-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/30/2015 11:19:17 PM
CHRISTOPHER PRINE
CLERK

# IN THE
# FOURTEENTH COURT OF APPEALS
# FOR THE STATE OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

6/30/2015 11:19:17 PM

CHRISTOPHER A. PRINE
Clerk

_____

No. 14-12-00655-CV

_____

KEVIN MATTHEW HALL, Appellant

V.

REBECCA MACCORKLE HALL, Appellee

_____

On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2010-63670

_____

## *APPELLANT'S MOTION FOR EN BANC HEARING*

Submitted By:    Sonya L. Heath
TBN: 24054547
P.O. Box 811
Houston, TX 77001
832-623-6829 (office)
713-574-2659 (eFax)
sheath@heathesq.com

### ATTORNEY FOR APPELLANT

### ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents…………………………………………………………………………..i

Table of Authorities……………………………………………………………… ii

Introduction …………………………………………………………..….. 1

Argument……………………………………………………………….. 3

Request for Relief…………………………………………………………7

Certificate of Service…………………………………………………....8

# TABLE OF AUTHORITIES

**CASES**                                                                     **Page**

*See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) ………………………….6

*Gulbenkian v. Penn*, 252 S.W.2d 929 (Tex. 1952)………………………………6

*Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967) ……………………………………6

*In the Interest of M.N.*, 262 S.W.3d 799, 804 (Tex. 2008)………………………6

*In re FAV*, 284 S.W.3d 929 (Tex.App.-Dallas 2009)…………………………….7

*In re KACO*, 14-07-311-CV (Tex.App.-Houston [1st Dist.] 2011)……………….6

*In re Kisinger*, 748 S.W.2d 2, 5 (Tex. App. – Houston [14th Dist.] 1987)………9

*In re PMB*, 2 S.W.3d 618 (Tex.App.-Houston [14th Dist.] 1999)…………..……7

*In Taylor v. Taylor*, 254 S.W.3d 527 (Tex.App.-Houston [1st Dist.] 2008 ………7

In *VanHeerden*, 321 SW3d 869 (Tex.App.-Houston [14th Dist.] 2010) …………7

**STATUTES AND RULES**                                                        **Page**

TEX. R. CIV. P. 166a…………………………………………………………………. 4

TEX. FAM. CODE § 105.003(C) …………………………………………………..6

## I.      INTRODUCTION

By this motion for en banc hearing, Appellant asks this Court to revisit its decision to affirm the trial court's regretful decision to end a trial mid-way through Petitioner's case in chief.   Rehearing is appropriate in this case because the trial court committed reversible error by not allowing Respondent to present any evidence, nor to cross examine Petitioner.

In the morning of the second day, the associate judge called a break during Petitioner's case in chief.  He summoned the attorneys into chambers.  To the shock and surprise of everyone, he issued his final ruling.  This conversation was conducted off the record without the consent of either party.  The judge's ruling is a hand-written document.

At the new trial hearing held on June 11, 2012, Attorney Sonya Heath testified to the secret conversation held in the associate judge's chambers.  Ms. Heath confirmed that she had a number of material witnesses prepared to testify at trial but was not allowed by the trial court to call any witnesses.  Ms. Heath also confirmed that the trial court's ruling changed the possession, access, and support agreement of the parties.  Respondent also timely requested findings of fact and conclusions of law, none of which was filed by the trial court.

The sole and only party to testify during this hearing was Ms. Heath.  Although Petitioner's counsel attempted to suggest that the "AJ Ruling" was some type of

mediated settlement agreement, Ms. Heath denied these suggestions. Although Petitioner or her counsel could have testified as to the off-the-record ruling by the associate judge, both did not. Since this matter was a contested trial regarding a child, the trial court was required by statute and case law to conduct all hearings on the record, absent the consent of both parties.

## II.   STATEMENT OF ORAL ARGUMENT

Appellant requests oral argument.

## III. ARGUMENT

This case raises basic questions of fairness and the right to trial. After listening to a few hours of testimony from Petitioner's witnesses, and Petitioner herself, the trial court elected to end the trial and issued his ruling. Respondent was never allowed to cross-examine Petitioner. Respondent was never able to call any of his own witnesses to testify.

There was no motion for summary judgment filed, or pending, when the court issued its ruling. There was no motion for judgment filed, or pending. The court simply stopped the trial for mysterious reasons. The trial court ignored all objections to this patently unfair action and declined to provide findings of fact.

The trial record is devoid of any mediated settlement agreement. Although this Court concluded that there was an "agreement of the parties," the record does not contain a mediated settlement agreement. Furthermore, no witness ever testified that the trial court's ruling was an "agreement of the parties." In fact, the sole and only testimony was that the trial court issued a ruling prematurely.

The sole and only witness who related the off-the-record ruling by the trial court denied repeatedly that the trial court's ruling was anything other than a final ruling.

**Issue:** **The trial court wrongfully granted summary judgment during Petitioner's case in chief.**

The function of summary judgment is not intended to deprive a litigant of the right to a full hearing on the merits of any real issue of fact. *See,* TEX. R. CIV. P. 166a; *See, Gulbenkian v. Penn*, 252 S.W.2d 929, 931 (Tex. 1952).

The Texas Supreme Court, First Court of Appeals, and Fourteenth Court of Appeals have repeatedly held that in contested child matters a full and complete airing of the evidence is required.

In *Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967), the father's pleadings were defective because they don't request a change in "custody and control." The Texas Supreme Court reversed because "technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children."

*In re KACO*, 14-07-311-CV (Tex.App.-Houston [1st Dist.] 2011), the father's lawyer failed to appear for pre-trial hearing due to car problems but had called the trial court and left messages. Later, the father and his lawyer arrive at 8:40am for a bench trial, but were informed it had started at 8am. The trial court struck the father's pleadings and entered a post-answer default judgment. The First Court of Appeals reversed because best interests of child is paramount over procedural errors.

In *VanHeerden v VanHeerden*, 321 SW3d 869 (Tex.App.-Houston [14th Dist.] 2010), the mother's disclosures listed witnesses by name, address, phone, and

relationship to her, but didn't provide their "connection to the case." The trial court struck ALL of the mother's witnesses. The Fourteenth Court of Appeals reversed because of the "disservice to children to silence potential fact witnesses who may have probative evidence concerning their best interests."

*In Taylor v. Taylor*, 254 S.W.3d 527, 534-535 (Tex.App.-Houston [1st Dist.] 2008, the father's attorney withdrew and the father failed to exchange exhibits at a pre-trial conference. The trial court struck ALL evidence and witnesses of the father. The First Court of Appeals reversed because the best interests evalution requires that "court's decision be as well-informed as the circumstances allow."

*In re FAV*, 284 S.W.3d 929 (Tex.App.-Dallas 2009), the trial court appointed a parenting coordinator. The mother failed to pay her share. The trial court struck the mother's pleadings. The Fifth Court of Appeals reversed because "where the best interest of the child is paramount, striking the pleadings of a parent will rarely, if ever, be appropriate."

*In re PMB*, 2 S.W.3d 618 (Tex.App.-Houston [14th Dist.] 1999), the father's discovery was late and incomplete. At trial, the court excluded ALL of the father's evidence and refused a bill of exceptions. The mother accused the father of abuse and neglect. The Fourteenth Court of Appeals reversed because "a decision on custody, possession, or access can rarely be well-informed without consideration of the evidence and perspectives of BOTH parents."

This Court quoted from questions presented to the sole and only witness who testified about the off-the-record ruling by the trial court.

It is well established in Texas that unsworn statements made by attorneys, whether in opening statements, witness questioning, or closing arguments, are not considered evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *In the Interest of M.N.*, 262 S.W.3d 799, 804 (Tex. 2008).

In the *Banda* case, the Texas Supreme Court recognized that normally, an attorney's statements must be under oath to be considered evidence and that the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary.

In reference to "off the record" hearings, the Texas Family Code § 105.003(c) specifically states that a record **shall** be made as in civil cases generally unless waived by the parties with the consent of the court. *See Kisinger v. Kisinger*, 748 S.W.2d 2, 5 (Tex. App. – Houston [14th Dist.] 1987, no writ).

In the *Kisinger* case, the appellant did not expressly waive the record nor was she present and failed to object to the lack of record during the hearing. This Court found that this was constituted an error on the party of the trial court, reversing and remanding the judgment.

## REQUEST FOR RELIEF

Appellant requests that this Court reverse the judgment of the trial court in its entirety and remand this case for new trial.

Respectfully Submitted,

*/s/ Sonya Heath*
SBN: 24054547
PO Box 811
Houston, TX 77001
832-623-6829 (office)
713-574-2659 (eFax)
sheath@heathesq.com (email)
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of this instrument is filed with the appellate clerk in accordance with Rule 25.1(e) of the Texas Rules of Appellate Procedure. I certify that a copy of this instrument was served on all attorneys of record in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure. Certified on this October 13, 2014.

*/s/ Sonya Heath*
Attorney for Appellant